IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KATHY THOMPSON                                                                                PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:18cv703-CWR-FKB

DOLGENCORP, LLC                                                                              DEFENDANT

## **ORDER**

      This premises liability action is before the Court on Defendant's motion [23] to strike Plaintiff's expert designations as not in compliance with Fed. R. Civ. Proc. 26(a)(2) and L. U. Civ. R. 26(a)(2). At issue are the designation of two experts: Victor Gray Lewis and Dr. William Porter.

      The case management order [7], entered on January 17, 2019, set a deadline of May 20, 2019, as the deadline for Plaintiff to designate her expert witnesses. On May 3, 2019, Plaintiff made her initial attempt to designate Gray-Lewis as an expert witness by filing a designation that stated he was as an expert "in the field of building code violations, building code interpretation and building code enforcement." [23-4]. A copy of his resume was attached. The designation contained no signed report, no list of publications, no list of prior testimony, and no information about his compensation, all of which are required by Fed. R. Civ. Proc. 26(a)(2)(B). Plaintiff never requested an extension in order to complete the designation. Nevertheless, on June 20, 2019, following an inspection of the site of the accident, Plaintiff provided a signed report from Gray-Lewis. [26-5]. In the report, Gray-Lewis opined that the site was not in compliance with the International Building Codes. More information concerning Gray-Lewis's proposed testimony trickled out on July 2, 2019, when Plaintiff, in her response

to the present motion, provided photographs Gray-Lewis will use in his testimony and information about publications and prior testimony. [26] at 2. Plaintiff disclosed the final pieces of information for her designation with a supplemental response to the motion on July 8, 2019, providing Gray-Lewis's hourly rate and additional information regarding prior testimony. [28].

Dr. Porter provided medical treatment to Plaintiff following the accident. Thus, his designation is governed by Fed. R. Civ. Proc. 26(a)(2)(C) and L.U. Civ. R. 26(a)(2)(D), which require disclosure of the subject matter and a summary of the facts and opinions to which the expert will testify. In her designation of Dr. Porter, served on March 20, 2019, Plaintiff provided only Dr. Porter's name, address, and telephone number. [23-2]. Subsequently, on June 2, 2019, after her designation deadline had passed, she provided a letter in which Dr. Porter rendered opinions as to possible future treatment. [23-5]. Furthermore, in her response to the present motion, Plaintiff stated that Dr. Porter would testify regarding his treatment of Plaintiff and her condition. [26] at 3. She also stated that Dr. Porter will testify as to what the American Medical Association Disability Rating Guide states regarding Plaintiff's disability. However, Plaintiff has never provided a summary of the facts and opinions to which he will testify. Neither has Plaintiff requested additional time in which to serve a designation in compliance with Rule 26. Thus, Dr. Porter has never been properly designated as an expert witness.

The Local Rules provide that "an attempt to designate an expert without providing full disclosure of information as required" will not be considered a timely

2

designation and may be stricken. L. U. Civ .R. 26(a)(2)(B). A decision as to whether to strike an expert witness designation is guided by consideration of four factors: (1) The explanation for the party's failure to timely designate an expert; (2) the importance of the testimony; (3) the potential prejudice to the other party in allowing the testimony of the late-designated expert; and (4) the availability of a continuance to cure the prejudice. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

As an explanation for her untimely designation of Gray-Lewis, Plaintiff states that there were difficulties in scheduling an inspection of the premises. This weighs slightly in Plaintiff's favor. As to the second factor, the importance of the testimony is marginal at best, because Plaintiff has admitted that the premises in question was outside the city limits and was not governed by the International Building Codes. [26-2]. Plaintiff states that her intent is to argue that the lack of compliance with building codes tends to show that the premises was unsafe, but it is questionable as to whether Gray-Lewis's testimony would be admissible for this purpose. Thus, the Court concludes that the second factor weighs in favor of striking the designation. However, the final two factors favor allowing the designation. There is no real possibility of prejudice in the form of surprise, as Defendant has had a copy of Gray-Lewis's report since June. The only possible prejudice in allowing the designation to stand concerns the possibility that Defendants may choose to challenge Gray-Lewis's testimony with a *Daubert* motion, the deadline for which has passed.[1] That problem can be cured by an extension. Accordingly, the Court concludes that the factors weigh against the striking the

---

[1] This statement is not meant to imply that a *Daubert* motion, rather than a motion *in limine*, would be the proper means of challenging the testimony.

designation of Gray-Lewis. Should Defendants wish to challenge with a *Daubert* motion the admissibility of his testimony, they may do so within 14 days of entry of this order.

Plaintiff has failed to give any justifiable explanation for her failure to properly designate Dr. Porter. Thus, this factor weighs in favor of excluding the testimony. As to the second factor, Plaintiff has failed to offer any argument as to the importance of Dr. Porter's testimony. Nevertheless, the Court assumes that testimony as to Plaintiff's injuries will be essential in establishing damages, and thus this factor weighs in Plaintiff's favor. As to prejudice, this factor weighs in favor of exclusion, as Plaintiff has never provided Defendant with a clear statement of the opinions to which Dr. Porter will testify. Neither does it appear that a continuance would cure this prejudice, as Plaintiff has not sought additional time in which to provide more information to Defendant. On the other hand, prejudice could be sufficiently mitigated by restricting Dr. Porter's testimony to matters contained in the medical records. Accordingly, Dr. Porter shall not be permitted to present expert testimony at trial. However, he will be allowed to testify concerning the facts of his treatment of Plaintiff as reflected in the medical records

In summary, the motion is denied as to the designation of Gray-Lewis. The motion deadline is extended for 14 days from entry of this order for the limited purpose of allowing Defendant to file a *Daubert* motion concerning Gray-Lewis's testimony, should it choose to do so. The motion is granted in part and denied in part as to Dr.

Porter. Dr. Porter shall not be allowed to give any expert testimony at trial; however, he may testify to the facts as outlined above.

So ordered, this the 23rd day of September, 2019.

s/ F. Keith Ball
United States Magistrate Judge